PER CURIAM. Pursuant to the procedures approved by this Court in Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1,13-14 (Fla. 2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has determined that amendments to the existing forms are needed in light of the United States Supreme Court’s decision in Obergefell v. Hodges, — U.S. —, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015), and other recent statutory and rule amendments. Input on these issues was received from the Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms, which provided’ valuable assistance. We have jurisdiction,[1] and amend the forms as follows. First, in response to the United States Supreme Court’s decision in Obergefell, we amend multiple forms to replace gendered terms with gender-neütral terms, so that the same forms aré appropriate for use in the context of both opposite-sex and same-sex marriages. Next, we amend several existing forms to ensure that clear, concise, and consistent language is used across similar forms, and the'General Instructions and Glossary to the forms to reflect recent changes to the forms and to harmonize various definitions contained in the forms with those contained in the Glossary. We also amend several existing final judgment forms to separate factual findings from decretal ones, and we amend various forms to reflect recent amendments to the Florida Family Law Rules of Procedure, adopted in In re Amendments to Florida Family Law Rules of Procedure, 214 So.3d 400 (Fla. 2017). Additionally, we add language addressing parental consent to a child’s mental health treatment to several parenting plan forms in accordance with recent amendments to section 61.13(2)(b)3.a, Florida Statutes (2017). See ch. 2016-241, § 81, at 67-68, Laws of Fla. Finally, we adopt two new forms for use in proceedings commenced pursuant to sections 61.09 and 61.10, Florida Statutes (2017): 12.904(a)(2) (Petition for Support and Parenting Plan Unconnected with Dissolution of Marriage with Dependent Minor Children) and 12.994(a)(2) (Final Judgment for Support and Parenting Plan Unconnected with Dissolution of Marriage), The amended and new forms are hereby adopted as set forth in the appendix to this opinion, fully engrossed. The amendments to the forms shall become effective immediately upon the release of this opinion and may be accessed and downloaded from the Florida State Court’s website at http:// www.flcourts.org/resources-and-services/ court-improvement/problemsolving-courts/ family-courts/family-law-fomis.stml. By adoption of the amended forms, we express no opinion as. to their correctness or applicability., We also direct that. the amended forms be published for comment. Interested persons shall have sixty days from the date of this opinion to file comments with the Court.[2] It is so ordered. LABARGA, C.J., and PARIENTE,' LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur. FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS GENERAL INFORMATION FOR SELF-REPRESENTED , LITIGANTS (02/18) You should read this General Informar tion thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information" is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation. These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a petition for Name Change and/or Adoption, these instructions may, not apply. If the word(s) is printed in bold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section. Commentary 1995 Adoption. To help the many people in family-law court.cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of -Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer, to the committee notes for those forms for rule history. The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So.2d 202 (Fla. 1996); In re Petition for Approval of Forms Pursuant to Rule 10~l,l(b) of the Rules Regulating the Florida Bar—Stepparent Adoption Forms, 613 So.2d 900 (Fla. 1992); Rules Regulating the Florida Bar—Approval of Forms, 581 So.2d 902 (Fla. 1991). Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar. 1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below. NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR If you have questions or concerns about these forms, instructions, commentary, the use of' the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under “Attorney.” If you do not have the money to hire an attorney, you should call the legal aid office in your area. Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions. In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use. FAMILY LAW PROCEDURES Communication with the court. Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the. contrary, you should not try to speak with or write,to.the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party. Filing a case. A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case. A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk’s office is called filing a case. A filing fee is usually required. The Florida Rules of Judicial Administration now require that petitions, pleadings, and documents be filed electronically except in certáin circumstances. Self-represented litigants may filé a petition or other pleadings, motions, and documents electronically; however, they are not required to do so. If you choose to file your petition electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the circuit within which you file. The rules and procedures should be carefully read and followed. Service of the original petition or supplemental petition. When one party files a petition, motion, or other pleading, the. other party must be “served” with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case. Personal service of the petition and' summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. Constructive Service. If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service; however, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include either alimony or child support. For more information on constructive service, see Notice of Action for Dissolution of Marriage (No Child or Financial Support), Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Family Cases with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.913(a)(2), Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b), and Affidavit of Diligent Search, Florida Family Law Rules of Procedure Form 12.913(c). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military is very complex and you may wish to consult an attorney regarding these" issues. Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read carefully to ensure that you have properly served the other party. If proper service is not obtained, the court cannot hear your case. Service must be in accordance with Florida Rule of Judicial Administration 2.516. Subsequent Service: Other than the original or supplemental petitions, any time you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies' of everything that he or she files. If the other party is represented by an attorney, you should serve the attorney unless service upon the other party is required by the court. Electronic Service. After the initial service of process of the petitioner or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (email) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Default. After being served with a petition or counterpetition, the other party has 20 days to file a response.. If a response to a petition, is not filed, the petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure. Answer and Counterpetition. After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, thfe respondent may also file a counterpetition. In a counterpet-ition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpet-ition; Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent’s counterpetition. Mandatory disclosure. Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida Family Law Rules' of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12,932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. Parenting Plan. If your case involves minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a), Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form- 12.995(b), or Relocation/Long Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c). The. Parenting Plan shall be developed and agreed to by the parents and approved by a- court. If the parents cannot agree, or if the agreed Parenting Plan is not approved, the court must establish a Parenting Plan. The Parenting Plan shall contain a time-sharing schedule and should address the issues regarding the child(ren)’s education, health care, and physical, social, and emotional well-being. Setting a hearing or trial. Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be- met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further -information, you should refer to the instructions for the type of form you are filing. , Next, you must, obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff .if you need to bring one of these forms with -you to the hearing or trial. If so, you should-type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. The shaded areas below explain different parts of family law forms. Although each form you use may not contain each part explained below, all forms contain a case style-which identifies the judicial circuit and county in Florida in which the case is filed, the division within that circuit to which the case is assigned, the parties in the case, and the number -of the. case. Some, but not all, forms require that the person signing the form state under oath that what he or she claims in- the form is true; those particular forms must be signed in the presence of either a deputy clerk of the court or a notary public who witnesses your signature before notarizing the form. Most forms contain a'nonlawyer clause which requests certain information be provided by any person who is not licensed to practice law in the State of Florida who has helped you to complete the form. Each form that provides a blank space will have instructions on how to fill in the blank. Please follow all instructions which ask for specific information. Often these instructions appear in 'italics. [[Image here]] Line 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here. Line 2 Type or print your county name on line (2). Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the ease is filed. You should type or print this case number on all papers .you file in this case. Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division. Line 5 Type or print the legal name of the person who originally filed the case on line 5. This person is the petitioner because- he/she is the one who filed the original petition. Line 6 Type or print the other party’s legal name on line 6. The other party is the respondent because he/she is responding to the petition. Some forms require that your signature be witnessed. If so, you must sign the form in the presence of a notary public or deputy clerk (employee of the clerk of the court’s office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill in all lines (1 & 3-8) except 2 with the requested information, if applicable. Line 2, the signature liné, must be signed in the presence of the notary public or deputy clerk. DO NOT SIGN OR FILL IN THE PART OF THE FORM WHICH ASKS FOR THE NOTARY’S OR CLERK’S SIGNATURE, This -section of the form is to be completed by either the deputy clerk or the notary-public who is witnessing your signature. [[Image here]] Nonlawyer Clause. The section below should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good stand- ing of The Florida Bar, which means that he or she is not licensed to practice law in Fiorida. [[Image here]] Line 1 The nonlawyer who helps you should type or print his or her name on line 1. Lines 2-7 The nonlawyer’s business name, address, (including street, city, state, zip code, and telephone number) should be typed or printed on lines 2-7. In addition, a Disclosure from Nonlaw-yer, Florida Family Law Rules of Procedure Form 12.900(a), should be completed if a nonlawyer assists you. The disclosure is available as a family law form and should be completed before the nonlawyer helps you. This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should keep a copy of this disclosure for your records. FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary. Affidavit—a written statement in which the facts stated are sworn or affirmed to be true. Alimony—spousal support which may be ordered by the court in a proceeding for dissolution of marriage. Types of alimony include: bridge-the-gap, durational, rehabilitative, or retroactive, and may be either temporary or permanent. The court may order periodic payments, payments in lump sum, or both. In determining whether to award alimony, the court must determine whether either party has an actual need for alimony and whether the other party has the ability to pay. The. court must consider the factors set forth in section 61.08, Florida Statutes, and must make certain written findings. An alimony award may not leave the paying party with significantly less net income than that of the receiving party without written findings of exceptional circumstances. Answer—written response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegá-tions not specifically denied are considered to be admitted. Appeal—asking a district court of appeal to review the decision in yoúr case. There are strict procedural and time requirements for filing an appeal. Asset—everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree. Attorney—person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled- to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are availáble in your area. You may also obtain information from the Florida Supreme Court’s Internet site located at http://www.flcourts.org. Bond—money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party. Beneficiary Designation—Florida law provides that a beneficiary designation made by or on behalf of a party providing for the payment or transference of an asset or benefit upon his or her death to the other spouse is void when the final judgment dissolving or declaring a marriage invalid is signed, unless the final judgment specifically states otherwise. Federal law and other statutory provisions may also apply. This includes, but is not limited to, such assets as life insurance policies, annu-' ities, employee benefit plans, individual retirement accounts, and payable-on-death accounts. Whether or not to continue a beneficiary designation is a complex area of the law and you may wish to consult with an attorney. Bridge-the-Gap Alimony—spousal support which is ordered to assist a party to make the transition from being married to being single. Bridge-the-Gap alimony is designed to assist a party with legitimate, identifiable short-time needs; its length cannot exceed two years and it cannot be modified. Central Depository—the office of the clerk of court that is responsible for collecting and disbursing court ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid. Certificate of Service—a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions. Certified Copy—a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy. Certified Mail—mail which requires the receiving party to sign as proof that they received it. Child Support—money paid from one parent to the other for the benefit of their dependent or minor child(ren). Clerk of the Circuit Court—elected official in whose office papers are filed, a case number is assigned, and case files are maintained. The" clerk’s office usually is located in the county courthouse. Concurrent Custody—(for ’ the purposes of a petition filed pursuant to chapter 751, Florida Statutes) means that an eligible extended family member is awarded custodial rights to care for a" child or children concurrently with the child(ren)’s parent or parents. Constructive Service—notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. ■ Constructive service is also called “service by publication.” However, when constructive service is used, the relief the Court may grant is limited; that relief cannot include either alimony or child support. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Forms 12.913(a)(1) and (2). Contested Issues—any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial. Contingent Asset—an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance. Contingent Liability—a liability that you may owe later, such as. payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not. Counterpetition—a written request to the court for legal action, which is filed by .a respondent after being served with a petition. Custody Order—a judgment or order incorporating a Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. ss. 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980. Default—a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond. Delinquent—late. Dependent Child(ren)—child(ren) who depend on' their parent(s) for support either because they are under the age of 18, have a mental or physical disability that prevents them from supporting themselves, or are in high school, between the ages of 18 and 19, and performing in good faith with a reasonable expectation ‘of graduation before the age of 19. ■ Deputy Clerk—an employee of the office . of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse. Dissolution of Marriage—divorce; a court action to end a marriage. Durational Alimony—spousal support which is ordered to provide economic assistance for a set period of time following a marriage of short or moderate duration or following a marriage of long duration if there is no ongoing need for support on a permanent basis. Durational alimony terminates upon the death of either party or upon remarriage 'of the party receiving support. It may be modified or terminated, but cannot exceed the ' length of a marriage. • Electronic Communication—Contact^ other than face-to-face contact, facilitated by tools such as telephones, electronic mail or email, webcams, video-conferencing equipment and software or other wired or wireless technologies, or other means of communication to supplement fact-to face contact between a parent and that parent’s minor child. Enjoined—prohibited by the court from doing a specific act. Ex Parte—communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court’s office, with certification that a copy was sent to the other party. Extended Family Member—(for the purposes of a petition filed pursuant to chapter 751, Florida Statutes) is a person who is either: 1) A relative of a minor child within the third degree by blood or mar-. , riage to the parent; OR 2) The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a ■ party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding. in any court of competent jurisdiction involving one or both of ■the child’s parents as an adverse party. Family Law Intake Staff—a court’s employee(s) who is (are) available to assist you in filing a family law case. Family law intake- staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk’s office can tell you if your county has such assistance available. Filing—delivering a petition, response, motion, or other pleading in a court case to the clerk of court’s office. Filing Fee—an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Application for Determination of Civil Indigent Status, to ask the clerk to file your case without payment of the fee. This form can be obtained from the clerk’s office. Final Hearing—trial in your case. Financial Affidavit—a sworn statement that contains information regarding your income, expenses, assets, and liabilities. Final Judgment—a written document signed by. a judge and recorded in the clerk of the circuit court’s office that contains the judge’s decision in your case. Guardian ad Litem—a neutral person who may be appointed by the court to evaluate or investigate your child’s situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not “work for” either party. The guardian may interview the parties, visit their homes, visit the child(ren)’s school(s) and speak with teachers, or use other resources to make their recommendation. Hearing—a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion. Health Insurance—coverage under a fee-for-service arrangement, health care maintenance organization, or preferred provider organization, and other types of coverage available to either parent, under which medical services could be provided to a minor or dependent child. Judge—an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing. Judicial Assistant—the judge’s personal staff assistant. Liabilities—everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may 'be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree. Lump Sum Alimony—money ordered to be paid by one spouse to another in a limited number of payments, often a single payment. Mandatory Disclosure—items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285. Marital Asset—generally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before -your marriage may be non-marital. An asset may only be determined' to be marital by agreement of the parties or determination of the judge. Marital Liability—generally, any debt that you and/or your spouse incurred during the marriage. A- debt may only be determined to be nonmarital by agreement of the parties or determination of the judge. Mediator—a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party’s side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court. Modification—a change made by the court in an order or final judgment. Motion—a request made to the court, other than a petition. No Contact—a court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other.family member. Nonlawyer—a person who is not a member in good standing of The Florida Bar. Nonmarital Asset—generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge. • • Nonmarital Liability—generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.. Nonparty—a person who is not the petitioner or respondent in a court case. . Notary Public—a person authorized to witness signatures on court related forms. Obligee—a person to whom money, such as child support or alimony, is owed. Obligor—a person who is ordered by the court to pay money, such as child support or alimony. Order—a written decision, signed by a judge and filed in the clerk of the circuit court’s office, that contains the judge’s decision on part of your case, usually on a motion. Original Petition—see Petition. Parenting Course—a class that teaches parents how to help their child(ren) cope with divorce and other family issues. Parenting Plan—a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren). The Parenting Plan must contain a timesharing schedule for the parents and child(ren) and shall address the issues concerning the minor child(ren). The issues concerning the minor child(ren) may include, but, are not limited to, the child(ren)’s education, health care, and physical, social, and emotional well-being. In creating the Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan must be developed and agreed to by the parents and approved by .the court. If the parents cannot agree to a Parenting Plan, or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations. Parenting Plan Recommendation—A nonbinding recommendation concerning one or more elements of a Parenting Plan made by a court-appointed mental health practitioner or other professional designated pursuant to either section 61.20 or 61.401, Florida Statutes, or Florida Family Law Rule of Procedure 12.363. Party—a person involved in a court case, either as a petitioner or respondent. Paternity Action—A lawsuit used to determine whether a designated individual is the father of a specific child or children. Payor—an employer or other person who provides income to an obligor. Permanent Alimony—spousal support ordered to provide for the needs and necessities of life as they were established during the marriage for a, party who lacks the financial ability to meet his or her needs and necessities after dissolution of marriage. Permanent alimony is paid at a spéciñed, periodic rate until: modification by a court order; the death of either party; or the remarriage of the party receiving alimony, whichever occurs first. Permanent alimony requires consideration of the factors set forth in section 61.08(2), Florida Statutes, and must include certain written findings by the court. Personal Service—when a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions. Petition—a written request to the court for legal action, which begins a court case. Petitioner-r-the person who originally files a petition that begins a court- case. The Petitioner remains' the Petitioner throughout the duration of the case. Pleading—a formal, written statement of exactly what a party wants the court to do in a lawsuit or court action. Pro Se or Self-Represented Litigant—a person who appears in court without the assistance of a lawyer. Pro Se Coordinator—see Family Law Intake Staff. Rehabilitative Alimony—spousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself after dissolution of marriage. Relocation—a change in the location of the principal residence of a parent or other person in accordance with section 61.13001, Florida Statutes, Respondent—the person who is served with a petition requesting some legal action against him or her. The Respondent .remains the Respondent throughout the duration of the case. Scientific Paternity Testing—a medical test to determine the biological father of a child. Service—the delivery of legal documents to a party. Service must be in accordance with Florida Rule of Judiqial Administration 2.516. Shared Parental Responsibility—an arrangement under which both parents have full parental rights and responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren). jointly. Shared Parental Responsibility is presumptive in Florida... Sole Parental Responsibility—a parenting arrangement under which the responsibility for the minor children) is given to one parent by the court, with or without rights of time-sharing to the other parent. State Disbursement Unit—the unit established and operated by the Title IV-D agency to provide one central address for the collection and disbursement of child support payments made in both Department of Revenue and non-Department of Revenue cases, in which the obligation is paid through an income deduction order. Supervised Time-Sharing—a parenting arrangement under which time-sharing between a parent and his or her ehild(ren) is supervised by either a friend, family member, or a supervised visitation center. Supplemental Petition—a petition that may be filed by. either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the’ court modify the previously, entered final judgment or order. Supportive Relationship—a relationship, defined in section 61.14(l)(b)l, Florida Statutes, existing between an obligee who receives alimony and a person with whom that obligee resides. Time-Sharing Schedule—a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child or children will spend with each parent. The timesharing schedule shall either be developed and agreed to by the parents of a minor child or children and is approved by the court, or established by the court if the parents cannot agree, or if their agreed-upon schedule is not approved by the court. Trial—the final hearing in a contested case. Uncontested—any and all issues on which the parties are able to agree and which are part of a marital settlement agreement. INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1)/ PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form should be used when you are filing for a dissolution of marriage, and you and your spouse have a dependent or minor child(ren) together, or a spouse is pregnant. .You or your spouse must have lived in Florida for at least 6 months before filing .-for a dissolution in Florida. You must file this form if the following is true: • You and your spouse have a dependent or minor child(ren) together or a spouse is pregnant. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in’ thé' county where you live and keep a copy for your records. Because you are filing the petition in this proceeding, you may also be referred to as the petitioner and your spouse as the respondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they aré not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? For your case to proceed, you must properly notify your spouse of the petition. If you know where your spouse lives, you should use personal service. If. you absolutely ' do not know where your spouse lives, you may use constructive service. You may also be able to use constructive service .if your spouse resides in another state or country; however, if constructive service is used, other, than granting a divorce, the court may only grant limited relief, which cannot include either spousal support (alimony) or child support. For more information on constructive service, see Notice of Action for Family Cases with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.913(a)(2), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(c). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways: DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your .spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida • Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff,, or judicial .assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form Í2.903(d). Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff .or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.5,16. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred. . If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h). With this form, you must also file the following: • Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d). • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after your spouse’s financial affidavit has been served on you.) • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court). • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues. • Notice of Social Security Number, Florida Supreme Court - Approved Family Law Form 12.902(j). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be .filed with the petition if the petitioner seeks to establish child . support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.) • Certificate of Compliance with Mandatory. Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition' on the respondent, if not filed at the time of the petition, unless you arid your spouse have agreed not to exchange these documents.) • Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), (b), or (e). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan maybe filed. Parenting Plan and Time-Sharing. If you and your sp'ouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor ehild(ren). The judge may request' a parenting plan recommendation or appoint a guardian ad litem -in yóur case. This means that a neutral person will review your' situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the children) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A parenting course must be completed prior to entry of the final judgment. You should contact the clerk; family law intake staff, or judicial assistant ■ about requirements for parenting courses where you live. Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further. • Shared Parental Responsibility • Sole Parental Responsibility • Supervised Time-Sharing • No contact • Parenting Plan • Parenting Plan Recommendation • Time-Sharing Schedule Child Support. Both parents are required to provide financial support for their minor or dependent child(ren); however; the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These- guidelines are' based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the children) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of-Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be -more or less than that of other people in seemingly similar situations. Alimony. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and also finds that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both. Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court, determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities. Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form. Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing. Parenting Plan. In all cases involving minor or dependent children), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file one of the following: Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the children). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court. Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 121901(b)(2) PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form may be used when you are filing for a dissolution of marriage, and you and your spouse have marital assets and/or marital liabilities, but you do not have any minor or dependent children and neither of you is pregnant. You or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a Petition for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.901(a); however, you cannot file a Petition for a Simplified Dissolution of Marriage if any of the following are true: • You disagree about property, debts, or other matters and wish to have a judge settle them for you. • Either you or your spouse is seeking spousal support (alimony). • You would like to ask questions and get documents concerning your spouse’s income, expenses, assets, debts, or other matters before having a trial or settlement. • You would like to reserve your rights to have any matters reconsidered or appeal the judge’s decision. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. Because you are filing the petition in this proceeding, you may also be referred to as the petitioner and your spouse as the respondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country; however, if constructive service is used, other than granting a divorce, the court may only grant limited relief which cannot include spousal support (alimony). For more information on constructive' service, see Notice of Action for Dissolution of Marriage (No Child or Financial Support), Florida Supreme Court Approved Family Law Form 12.913(a)(1), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b)., In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways: DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial-assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the, clerk, family, law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d). Where can I look for moré information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participaté in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of .Judicial Administration 2.516. You may find this rule at www.ficourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical- Index SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible tp have filing fees deferred. If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h). With this form, you must; also file the following: • Affidavit of Corroborating Wit- . ness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case ■ is actually filed with the .clerk of the circuit court). • Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida - Supreme Court Approved Family Law Form 12.902(f)(2), if you and your spouse have reached an agreement on any or all of the issues. • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(J). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.) • Certificate of Compliance with Mandatory Disclosure, Florida Family • Law Rules of Procedure Form- 12.932. (This . must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.) Alimony. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and also finds that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both. Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmar-ital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be non-marital, the judge will not consider it when distributing marital assets and liabilities. Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(e). For more information, see the instructions for that form. Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Property But No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both spouses must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing. Final Judgment Forms. These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called á nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] OR [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(3) PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY (02/18) When should this form be used? This form may be used when you are filing for a dissolution of marriage, and you and your spouse have no marital assets or marital liabilities, no minor or dependent children, neither spouse is seeking spousal support (alimony), and neither spouse is pregnant. You or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a Petition for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.901(a); however, you cannot file a Petition for a Simplified Dissolution of Marriage if any of the following are true: • Either you or your spouse is seeking spousal support (alimony). • You would like to ask questions and get documents concerning your spouse’s income, expenses, assets, debts, or other matters before having a trial or settlement. • You would like to reserve your rights to have any matters reconsidered or appeal the judge’s decision. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. Because you are filing the petition in this proceeding, you may also be referred to as the petitioner and your spouse as the respondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include spousal support (alimony). For more information on constructive service, see Notice of Action for Dissolution of Marriage (No Child or Financial Support), Florida Supreme Court Approved Family Law Form 12.913(a)(1), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding con- • structive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case.will then generally proceed in one of the following three ways:. DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the- hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924,' after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d). Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review- Florida Rule of Judicial Administration 2.516 You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration ■ provided under either Family Law Forms: Getting .Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREÍFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred. If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h). With this form-, you must also file the following: • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification ' card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court). • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12,902(j). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the peti- • tion on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.) Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you, A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number oh the bottom of the last page of every form he or she helps you complete. [[Image here]] PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d) UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT (02/18) When should this form be used? This form should be used in any ease involving parental responsibility for, custody of, or time-sharing or visitation with, any minor child(ren). This affidavit is required even if the parental responsibility for, custody of, or time-sharing or visitation with, the minor children) is not in dispute. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file it with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed What should I do next? A copy of this form must be mailed, emailed, or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see sections 61.501-61.542, Florida Statutes. Special notes... With this form, you must also file a Notice of Confidential Information within Court Filing, Florida Rules of Judicial Administration Appendix to Rule 2.420 Form. Effective October 1, 2008, terms such as custodial parent, noncustodial parent, primary residential parent, secondary residential parent, and visitation were removed from Chapter 61, Florida Statutes; however, because the UCCJEA uses the terms, custody and visitation, they are included in this form. Parents must develop a Parenting Plan that includes, among other things, their time-sharing schedule with the minor child(ren). If the parents cannot agree, a parenting plan will be established by the Court. If you are the petitioner in an injunction for protection. against domestic violence case and you have filed a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this iorm. that would require you to write the address where you are currently living. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1) MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand. This form should be typed or printed in black ink. Both parties must sign the agreement and have' their signatures wit-. nessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election ■is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule vof judicial Administration 2.516. Special notes.., With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed. This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judg-' ment. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(2) MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form should be used when a Petition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(2), has been filed and the parties have reached an agreement on some or all of the issues at hand. This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears, Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12:914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. ' Special notes... This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment! Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law. Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] OR [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(1), AFFIDAVIT OF CORROBORATING WITNESS (02/18) When should this form be used? This form may be used to corroborate residency in a dissolution of marriage proceeding. To get a dissolution (divorce) in Florida, either party must have lived in Florida for at least 6 months before filing the petition. Residency may be corroborated by a valid Florida’s driver’s license, Florida identification card, or voter’s registration card (issue date of document must be at least 6 months before the date the case is actually filed with the clerk of the circuit court), or the testimony or affidavit of someone other than you or your spouse. This form is used to corroborate residency by affidavit. The person signing this form must know that you have lived in the State of Florida for at least 6 months before the date you filed your petition for dissolution of marriage. This form should be typed or printed in black ink, and signed in the presence of a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for you records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? A copy of this form must be mailed, emailed, or hand delivered to the other party in your case, if it is not served on him or her with your initial papers. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12,914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Where can I look for more^information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes. Special notes... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a) ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE (02/18) When should this form be used? This form should be used when you have been served with a petition for dissolution of marriage and you do not wish to contest it or appear at a hearing. If you file this form, you are admitting all of the allegations in the petition, saying that you do not need to'be notified of or appear at the final hearing, and that you would like a copy of the final judgment mailed to you. This form should be typed or printed in black ink, and your signature should be witnessed by a notary public or deputy clerk. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. The person filing the petition in a dissolution of marriage proceeding is also referred to as the petitioner and his or her spouse as the respondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file.'The rules and procedures should be carefully read and followed. What should I do next? You have 20 days to answer after being served with your spouse’s petition. A copy of this form, along with all of the other forms required with this answer and waiver, must be mailed, e-mailed, or hand delivered to your spouse. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by ' using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Where can I look for more information? Before proceeding, you should read Gem eral Information for Self-Represented Litigants found at the beginning of these forms. The words that are. in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes. Special notes... With this form, you may also file the following: • Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor children). • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor children), (If you do not know your spouse’s income, you may file this worksheet after your spouse’s financial affidavit has been served on you). • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Flori- da, Supreme Court Approved, Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Depenr dent or Minor Child(ren), Florida Supreme Court Approved Family . Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues. • . Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.9020). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this, answer.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 ‘days of- service of the petition on you, if not filed at the time ’ you file this answer, unless you and • the other party have agreed not to exchange these documents.) Parenting Plan and Time-Sharing. By filing this answer and waiver, you are agreeing to any parenting plan and time-sharing requests in the petition. The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests' of the children) is (are) being served, For more information, you may. consult section 61.13, Florida Statutes. A parenting course must be completed prior to. entry of a-final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live. Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further. • Shared Parental Responsibility • Sole Parental Responsibility • Supervised Time-Sharing • No contact • Parenting Plan • Parenting Plan Recommendation . • Time-Sharing Schedule Child Support. By filing this answer and waiver, you are agreeing to any requests for child support in the petition. Both parents are required to provide financial support for their minor or dependent child(ren); however, the court may order one parent to.pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the ehild(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations. Alimony. By filing this answer and waiver, you are agreeing to any requests for alimony in the petition. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual' need for it and also finds that the other spouse has the ability to pay. If you want alimony, you must request it in writing in a counter-petition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-th¿-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, lump sum payments. Or both. Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not-necessarily mean “equal.” Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-marital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong ■ to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities. Final Judgment. You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should contact the clerk’s office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(b) ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE (02/18) When should this form be used? This form should be used when you are responding to a petition for dissolution of marriage and you wish to admit or deny all' of the allegations in the petition but you do not plan to file a counterpetition seeking relief. You can use this form to answer any petition for dissolution of. marriage, whether or not there are minor child(ren). This form should be typed- or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the' clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This must be done within 20 days of receiving the petition. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do • so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. . What should I do next? A copy of this form, along with all of the other forms required with this answer, must be mailed, emailed, or hand delivered to the other party, in your case. You have 20 days to, answer after being served with the other party’s petition. After you file your answer, the case will generally proceed in . one of the following two ways: UNCONTESTED... If you-file an answer that agrees with everything in the other party’s petition and you have complied with mandatory disclosure and filed all of the required papers, either party may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the final hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or 'other appropriate notice of hearing form, CONTESTED... If you file an answer which disagrees with or denies anything in the petition, and'you are unable to settle, the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of-the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff,, or judicial assistant for instructions on how to set your case for trial (final-hearing). Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The. words that are in “bold underline” in these instructions are defined there. See chapter 61, Florida Statutes, for more information. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes.. With this form, you may also need to file the following: • Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit,' Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren). • Child Support Guidelines Worksheet, Florida Family Law Rules .of Procedure Form 12.902(e), if the case involves a dependent or minor children). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been served on you). • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form, 12.902(f)(2), if you have reached an agreement on any or all of the issues. • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time • you file this answer, unless you and the other party have agreed not to exchange these documents.) Parenting and Time-sharing. If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement, 'the court reserves jurisdiction to modify issues relating to the minor child(ren). The judge may request a parenting plan recommendation or appoint a guardian ad litem in your casé. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you’may consult section 61.13, Florida Statutes. A parenting course must be completed prior to the entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live. Listed below are some terms with which, you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further. • Shared Parental Responsibility • Sole Parental Responsibility . • Supervised Time-Sharing • No contact • Parenting Plan • Parenting Plan Recommendation • Time-Sharing Schedule Child Support. Both parents are required to provide financial support for their minor or dependent child(ren); however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on' the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should ’ be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration,. change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations. Alimony. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in a counterpetition. Florida Supreme Court Approved ‘ Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor child(ren)). If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both. Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. “Equitable” does not necessarily mean “equal.” Many factors, including child support, any parenting plan and time-sharing schedule, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of, assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, .only pne of the parties. If the parties agree or the court finds an asset or liability to. be nonmarital, the judge will not consider it when distributing marital assets and liabilities. Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental-responsibility and time-sharing with ehild(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), or, if there are no dependent or minor child(ren), Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms. Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties, must sign this agreement before- a notary public or deputy- clerk. Any issues on which you are unable to agree will be considered contested and settled, by the judge at the final hearing. Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Gourt Approved Family Law Form 12.990(c)(1), and Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Su-. preme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested, If you and your spouse reach an agreement on all of the issues, the judge may use Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1), - Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2), or Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so,'you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. .Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1) ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form should be used when you are responding to a petition for dissolution of marriage.. with dependent or minor children) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. The person filing the petition in a dissolution of marriage proceeding is also referred to as the petitioner and his or her spouse as the respondent. The person filing a coun-terpetition is also referred to as the coun-terpetitioner and his or her spouse as the counterrespondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2,525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? You have 20 days, to answer after being served- with your spouse’s petition. A copy of this form must be mailed, e-mailed, or hand delivered to your spouse. After you file an answer and counterpetition your case will then generally proceed as follows: The other party is required to answer your counterpetition within 2Ó days using an Answer to Counterpeiition, Florida Supreme Court Approved Family Law Form 12.903(d). UNCONTESTED. Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the requiréd papers, either party may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED’ Your dissolution is contested if you and your spouse disagree on any issue raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed -all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or -judicial assistant for instructions on how to set your case for trial (final hearing). Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the .link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... With this form, you must also file the following: • Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d) • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know your spouse’s income, you may file this worksheet after your spouse’s financial affidavit has been served on you.) • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902© OR photocopy of current- Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied, document must be at least six months before date case is actually filed with the clerk of the circuit court).. • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family-Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues. • Parenting Plan, Florida Supreme Court Approved Family Law Form 12.9.995(a), Safety-Focused Parenting Plan, Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed. • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.) Parenting Plan and Time-Sharing. If you and your spouse ¿re unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues, relating to the minor children). The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the bést interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A parenting course must be completed prior to entry of the final judgment. You should'contact the clerk, family law intake "staff, or judicial assistant about requirements for parenting courses or mediation where you live. Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further. • Shared Parental Responsibility • Sole Parental Responsibility • Supervised Time-Sharing • No contact • Parenting Plan • Parenting Plan Recommendation • Time-Sharing Schedule Child Support. Both parents are required to provide financial support for their minor or dependent child(ren); however, the court may .order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid; These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or. (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations. Alimony, Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both. Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. Equitable does not necessarily mean equal. Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities. Parenting Plan. In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or 12.995(c), which addresses the time-sharing schedule for the children). If you have not reached an agreement, a proposed Parenting Plan may be filed. If you and your spouse cannot agree, a Parenting Plan will be established by the court. Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with children), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For .more information, see the instructions for that form. Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing. Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which- the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). .You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. IN THE CIRCUIT COURT OF THE IN AND FOR_ _JUDICIAL CIRCUIT, COUNTY, FLORIDA In re: the Marriage of: Case No.: Division:. Petitloner/Counter-Respondent, and Respondent/Counter-Petitioner. ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) I,{full legal name}_, Respondent/Counter-Petltloner being sworn, certify that the following Information is true: ANSWER TO PETITION 1, I agree with the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate section and paragraph number}_ 2,I disagree with the allegations raised In the following numbered paragraphs In the Petition and, therefore, deny those allegations: (indicate section and paragraph number}_ 3.I currently am unable to admit or deny the following paragraphs due to lack of Information: {indicate section and paragraph number)_ COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN) 1. JURISDICTION/RESIDENCE _ Respondent/Counter-Petitioner_ Petitloner/Counter-Respondent_Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage. 2. Respondent/Counter-Petitioner_is or_is not a member of the military service. Petitioner/Counter-Respondent_is or_is not a member of the military service. Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answerto Petition and Counterpetition for Dissolution of Marriage with Property with Dependent or Minor Chlld(ren) (02/18) [[Image here]] [[Image here]] OR 2.Respondent/Counter-Petitioner requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting and that the other spouse has the ability to pay that support. Spousal support (alimony) Is requested In the amount of $_every_week_other week_month, or_other_, beginning {date}_ and continuing until {date or event}_. Explain why the Court should order Petitioner/Counter-Respondent to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum): __ 3._Other provisions relating to alimony Including any tax treatment and consequences: 4._Respondent/Counter-Petitioner requests life Insurance on the other spouse's life, provided by that spouse, to secure such support. SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING 1. The minor chlld(ren) currently reslde(s) with _Respondent/ Counter-Petitioner _Petitioner/Counter-Respondent _Other: {explain}_. 2. Parental Responsibility. It is In the chlld(ren)'s best Interests that parental responsibility be: [Choose only one] a. _shared by both parents. b. _awarded solely to_Respondent/Counter-Petitioner_Petitioner/Counter-Respondent. Shared parental responsibility would be detrimental to the child(ren) because: Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Property with Dependent or Minor Chlld(ren) (02/18) [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.908(c)(2) ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form should be used when you are responding to a petition for dissolution of marriage with property but no dependent or minor children) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counter-petition portion of this form is used to ask for whatever you want the court to do for you. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. The person filing the petition in a dissolution of marriage proceeding is also referred to as the petitioner and his or her spouse as the respondent. The person filing the counterpetition is referred to as the counterpetitioner and his or her spouse as the counterrespondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? You have 20 days to answer after being served with your spouse’s petition. A copy of this form must be mailed, e-mailed, or hand delivered to your spouse. After you file an answer and counterpetition your case will then generally proceed as follows: Your spouse is required to.answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d). UNCONTESTED. Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the ease, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.928, or other appropriate notice of hearing form. CONTESTED. Your dissolution is contested if you and your spouse disagree on any issue raised in the petition or counterpetition, If you are unable to settle the disputed issues, either spouse may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes. IMPORTANT INFORMATION REGARDING E-SERYICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff. or certified process server, the Florida .Rules, of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal,. you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... With this form, you must also file the following: • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s ■ registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court). • , Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues. • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j). • . Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition, on you, if not filed at the time you file this answer.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days.of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.), Alimony. Alimony may be awarded to one spouse if the judge finds that one spouse has an actual need for it and also finds that the other spouse has the ability to pay. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both. Marital/Nonmarital Assets and Liabilities. Florida law requires an equitable distribution of marital assets and marital liabilities. Equitable does not necessarily mean equal. Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmar-ital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be non-marital, the judge will not consider it when distributing marital asset's and liabilities. Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form. Marital Settlement Agreement. If you and' your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both of you must sign this agreement before a notary public. Any issues on which you are unable to agree' will be considered contested and settled by the judge at the final hearing. Final Judgment Forms. These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and' the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] OR [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(3) ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY (02/18) When should this form be used? This form should be used when you are responding to a petition for dissolution of marriage with no dependent or minor child(ren) or property and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you such as restoring your former name. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? You have 20 days to answer after being served with the other party’s petition. A copy of this form must.be mailed, e-mailed, or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows: The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d). UNCONTESTED. Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). , , Where can I look for more information? Before’proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these, forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the othér party must- be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law‘Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... With this form,- -you must • also file the following: • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court). • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12,902(j). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.) Alimony. By using this form, you are forever giving up your rights to spousal support (alimony) from petitioner. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in your coun-terpetition. (See the other answer and counterpetition forms for the appropriate form.) If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). Marital/Nonmarital Assets and Liabilities. By using this form, you are stating that there are no marital assets and/or liabilities. Pinal Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should contact the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(d) ANSWER TO COUNTERPETITION (02/18) When should this form be used? This form should be used by a petitioner to respond to the respondent’s counter-petition. You should use this form to admit or deny the allegations contained in the counterpetition. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary pub-lie or deputy clerk. You should file the original with the clerk of the circuit court in the county where the case is filed and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? You have 20 days to answer after being served with the other party’s counterpetition. A copy of this form must be mailed, e-mailed, or hand delivered to the other party. To proceed with your case, you should refer to the instructions to your petition regarding setting a case for trial under UNCONTESTED and CONTESTED. Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.fl.courts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index, SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION (02/18) When should this form be used? This form should be used when you are responding to a supplemental petition for modification of Parenting Plan, time-sharing schedule, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a counterpetition. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(1), or Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(2). This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? A copy of this form, along with all of the other forms required with this answer, must be mailed, emailed, or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other party’s supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways: UNCONTESTED. If you file an answer that agrees with everything in the other party’s supplemental petition and you have complied with mandatory disclosure and filed all of the required papers, either party may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If you file an answer which disagrees with or denies anything in the supplemental petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. See chapter 61, Florida Statutes, for more information. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-máil) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your- e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes :.. With this form, you may also need to file the following: • Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves children). • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party’s income, you may file this worksheet after, his or her financial affidavit has been served on you.) • Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law - Forms, you may construct a settlement agreément using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with [Property but] No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). . • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed. • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.) Parenting and Time-Sharing. If you and the other party are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide , the parenting arrangements and time-sharing schedule based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren). The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case.' This means that a neutral person will , review your situation and report to the judge concerning parenting issues, The purpose of such intervention is to be sure that the best interests of the child(ren) is- (are) being served. For more information, you may consult section 61.13, Florida Statutes. • A parenting course may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live. Listed below are some terms-with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further. Shared Parental Responsibility Sole Parental Responsibility Supervised Time-Sharing . No contact Parenting Plan Parenting Plan Recommendation Time-Sharing Schedule Child Support. Both parents are required to provide financial support for their minor or dependent children; however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount-of child support to be paid.- These guidelines. are based on the combined income of-both parents and-take into account the financial contributions of both parents and the number of overnights the child(ren) spend' with each parent. You. must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations. Temporary Relief. If you need temporary relief regarding parental responsibility and time-sharing with child(ren), child support or alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms. Settlement Agreement. If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing. Final Judgment Forms. These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/ Time-Sharing Schedule or Other Relief, Florida Supreme Court Approved Family Law Form 12.993(a), a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), and a Supplemental Final Judgment Modifying Alimony, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should contact the clerk, family law intake staff, or judicial assistant to see if you néed to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a)(1), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form may be used to ask the court to enter a support order if your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form. This petition cannot address the issues of property, debts, or parental responsibility and timesharing with child(ren). It only deals with alimony and child support. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. Because you are filing this petition, you are also referred to as the petitioner and your spouse as the respondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns child support and alimony, you should use personal service. If your spouse is in the military service of the United States, additional steps for service may be required. See Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue. Your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways: DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify yo.ur spouse of the hearing by using a Notice of. Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may contact the clerk, family law intake staff,-or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12,923, or other appropriate.notice of hearing form.. CONTESTED. If your spouse file's an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact' the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within -20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d). Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see section 61,09, Florida Statutes. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of 'Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided, under either Family Law Forms: Getting Started, or Rules of Court- in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once, the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... If you do not have the money to pay the filing fee, you may . obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred. With this form you must also file the following: • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), • Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren). • Family Law Financial Affidavit, Florida Family Law Rules’ of Procedure Form 12.902(b) or (c). • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.) • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are ' asking that child support be ordered ' in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after your spouse’s financial affidavit has been served on you.) Alimony. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both. Child Support. Both parents are required to provide financial support for their minor or dependent children; however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the children) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.9020)) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations. Temporary Relief. If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), • Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form. Final Judgment Forms. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the 'rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a)(2), PETITION FOR SUPPORT AND PARENTING PLAN UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form may be used to ask the court to enter a support order if your spouse has the ability to contribute to you and your minor children), but has failed to do so. It may also be used to establish a Parenting Plan with a time-sharing schedule. You can only use this form if a dissolution of marriage has not been filed and based upon the, time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren),, Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form. This petition cannot address the issues of property or debts. It only deals with alimony, child support, and Parenting Plans. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. Because you are filing this petition, you are also referred to as the petitioner and your spouse as the respondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions , or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, yqu must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns' child support and alimony, you should use personal service. If your spouse is in the military service of the United States, additional steps for service' may be required. See Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved’ Family Law Form 12.912(b). Service on a spouse who is in the military can be.complicated; therefore, you may wish to consult an attorney regarding this issue. Your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways: DEFAULT. If after 20 days, no answer has been filed,' you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the’required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant, for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d). Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see section 61.09, Florida Statutes. IMPORTANT INFORMATION REGARDING E-SERYICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... If you do not have the money to pay the filing fee, you máy obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred. With this form you must also file the following: • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j). • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.) • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not' know your spouse’s income, you may file this worksheet after your spouse’s financial affidavit has been served on you.) • Parenting Plan, Florida Supreme Court. Approved Family Law Form 12.995(a), (b), or (c).>.If the parents have reached an agreement, a signed and notarized Parenting Plan-should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed. Alimony. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both. Child Support. Both parents are required to provide financial support for their minor or dependent children; however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the children) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse -will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child, support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations. Parenting Plan and Time-Sharing. If you and your spouse are unable to agree on parenting arrangements and ■ a time-sharing schedule, a judge will- decide for you as part of. establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement, 'the court reserves jurisdiction to modify issues relating to the minor child(ren). The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family-law intake staff, or judicial assistant about requirements for parenting courses .where you live. Listed below are some terms with.which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further. • Shared Parental Responsibility • Sole Parental Responsibility • Supervised Time-Sharing • No contact • Parenting Plan • Parenting Plan Recommendation • Time-Sharing Schedule Temporary Relief. If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with ‘ Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form. Final Judgment Forms. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final-judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he- or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(b), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) (02/18) When should this form be used? This form may be used if a dissolution of marriage has not been fíled, and you are requesting alimony. If a petition for dissolution has been filed, you should file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form. This petition does not address the issues of property or debts. It only deals with alimony. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. Because you are filing the petition in this proceeding, you are referred to as the petitioner and your spouse as the respondent. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file-your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules arid procedures should be carefully read and followed. What should I do next? For your case to proceed,- you must properly notify your spouse of the petition. Because this petition concerns alimony, you should use personal ¡ service. .If your spouse is in the military service of .the United States, additional steps for service may.be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a) and Affidavit of Military Service, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the • military can be complicated; therefore,- you may wish to consult an attorney regarding this issue. . Your spouse has 20 days to answer after being served with your petition. .Your case will then generally proceed in one of the following three ways: DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme- Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may bfe set. Then you should contact the clerk, - family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If'your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida ■ Supreme' Court Approved Family Law Form 12.903(d). Where can I look for more .information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information,-see section 61.09, Florida Statutes. , IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MÁIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved - Family Law Form 12.915; and Florida .Rule of Judicial Administration 2.516. Special notes... If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk -will determine whether you are eligible to have filing fees deferred. With this form you must also file the following: • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j). • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.) Alimony. Alimony may be awarded to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the judge may order periodic payments, payments in lump sum, or both. Temporary Relief. If you need temporary relief regarding alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form. Final Judgment Forms. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(a) AGREEMENT FOR RELOCATION WITH MINOR CHILD(REN) (02/18) When should this form be used? This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement and are asking the court to permit the relocation of the child(ren)’s principal residence. “Other Person” means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). This form can be used at any time after either a petition or supplemental petition to relocate has been filed and the parties reach an agreement; OR can be used when the parties are in agreement and there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)’s residence or timesharing schedule. Either an agreement for relocation or a petition to relocate is required when: 1. You plan to relocate the child(ren)’s residence more than 50 miles from the child(ren)’s principal residence at the time of the last order which established or modified either a Parenting Plan or time-sharing schedule or at the time of filing of the pending action. 2. The court has not already entered an order granting permission to relocate. 3. The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren). 4. Your order or final judgment defining custody, primary residence, the Parenting Plan, or timesharing was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); or was entered on or after October 1, 2009, or your case was pending on October 1, 2009. 5. If the visitation or time-sharing schedule will change due to the relocation, a Parenting Plan with a time-sharing schedule must be included with the Agreement. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren). This form should be typed or printed in black ink. You must fill in all sections of the form. If you are an “other person” entitled to access, visitation, or time-sharing with the child(ren), substitute your name for a Parent in the form and “parties” for “parents.” After completing the form, you should sign the form before a notary public or deputy clerk. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. What should I do next? For your case to proceed, you must properly notify the court by filing the original of the Agreement and a Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form, 12.950 (b), with the clerk of the circuit court of one of the following: the circuit court which has jurisdiction in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act; the circuit court in the county in which either parent and the child(ren) reside; or the circuit court in which the original action was adjudicated. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records. If the issue of the child(ren)’s physical residence is already before the court in ah ongoing proceeding or through a judgment issued by the court, the court may enter an order adopting the Agreement without holding a hearing once both parties have signed it and neither has requested a hearing. When a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may adopt the Agreement without holding a hearing.' If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after-the hearing. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in. electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516, You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law; Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents.by email, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email. Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes. If your case involves a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing this Agreement for Relocation to determine if any other forms must be filed. If the parties agree to a modification of child support, the following forms should be filed with this Agreement: • A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), • A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). • A completed Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d). Special notes... The Agreement for Relocation with Minor Children must contain a Parenting Plan with a time-sharing schedule. At a minimum, the Parenting Plan must describe in adequate detail: • How the parties will share and be responsible for the daily tasks associated with the upbringing of the children), • The time-sharing schedule that specifies the time that the minor children) will spend with each parent and every other person entitled to access or time-sharing, • A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, and any other activities, • The methods and technologies that the parents will use to communicate with the children), and • Any transportation arrangements related to access or time-sharing. The best interests of the children) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties’ historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor children) and the circumstances of the family as listed in s. 61.13(3), Florida Statutes. This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child. The Parenting Plan and time-sharing schedule may be set forth in the body of the Agreement for Relocation with Minor Children or may be attached as a separate document. You may attach a Relocation/Long-Distance Parenting Plan, Florida Supreme Coui't Approved Family Law Form 12.995(c), or similar form. In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations. Nonlawyer.. .Remember, a person who is NOT an attorney is called a: nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] And [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(b) MOTION FOR ORDER PERMITTING RELOCATION BY AGREEMENT (02/18) When should this form be used? This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement and are asking the court to permit the relocation of the children). “Other Person” means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). You may file a Motion for Order Permitting Relocation with Agreement if the Mowing are true: • One of the parents or a person entitled to access to or time-sharing with the children wishes to • relocate the child(ren) to a residence more than 50 miles from the child(ren)’s principal place of residence at the time of the last order establishing or modifying time-sharing or at time of-filing of the pending action. • There is an existing cause of action, judgment, or decree of record pertaining to the child(ren)’s residence or time sharing schedule. • The parents and every other person entitled to access to or time-sharing with the children have signed a written agreement, Agreement for Relocation with Minor Child(ren), Florida Supreme Court Approved Family Law Form, 12.950(a), or similar form which: 1. Reflects the consent to the relocation; 2. Defines an access or time-sharing schedule for the non-relocating parent and any other persons who are entitled to access or time-sharing; and 3. Describes, if necessary, any transportation arrangements related to access or timesharing. • Your order regarding custody, primary residence, the parenting plan, time-sharing, or access .to or with the child(ren) was entered before October 1, 2009 and the order does not expressly govern the relocation of the ehild(ren); was entered on or after October 1, 2009; or your case was pending on October 1,2009, This form should be typed or printed in black ink. You must fill in all sections of the form. If you are an “other person” entitled to access, visitation, or time-sharing with the children), substitute your name for Petitioner or Respondent in the form. After completing the form, you should sign the form before a notary public or deputy clerk. You should file the form in the county where the original order or judgment was entered. If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed, IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided .under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and É-mail Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. What should I do next? After completing this form, you should file the original jvith the clerk of the circuit court where there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)’s residence or time-sharing schedule and keep a copy for your records. The original Agreement for Relocation with Minor Child(ren) should be attached to Motion or filed with the clerk of the circuit court at the same time. If both parties agree, the court may ratify the Agreement without the necessity of an evidentiary hearing. You should check, with the clerk,.family tew intake staff, or judicial assistant for the prpper way to submit the Motion-and a -proposed Final Judgment/Supplemental Final Judgment Granting Relocation, Florida Supreme Court Approved Family Law Form 12.950(i), to the judge, If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the''date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after hearing. If a hearing is not timely requested, the court shall presume that .relocation is in the. best interest of the children) and may ratify the Agreement without an evidentiary hearing. Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in . these instructions are defined there. For further information, see chapter 61, Florida Statutes. If your case involved a modification of any provision relating to child support, you should also check with the clerk of the circuit coqrt in the county in which you are filing the Motion for Order Permitting Relocation with Minor Child(ren) and Agreement for Relocation with Minor Child(ren) to determine if any other forms must be filed. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Former 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete, [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(c), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) AND RELOCATION (02/18) When should this form be used? This form should be used when you are filing for dissolution of marriage, there are dependent or minor children, and pursuant to Section 61.13001, Florida Statutes: 1. You plan to relocate your residence more than 50 miles from the principal place of residence you have at the time, of filing this petition; and 2. The change of location is for at, least 60 consecutive days, not including a'temporary absence from your principal place of residence for purposes of vacation, education or the provision of health care for the minor children). .You or your spouse must have lived in Florida for at least 6 months before filing for dissolution of marriage in Florida. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the.county where you live and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or -supplemental petition by- the Sheriff or certified process server, the Florida Rules of. Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.ficourts.org through the link to the Rules of Judicial Administration provided -under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-;maiI Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. What should I do next? For your case to proceed, you must properly notify your spouse and every other person entitled to access or time-sharing with the child(ren) of the petition. “Other Person” means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, timesharing with, or visitation with the child(ren). If you know where your spouse lives, you should use personal service. If you absolutely do not know where your spouse lives, you may use constructive service. You may also be able to use constructive service if your spouse or the other person resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways: DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d). Where can I look for more information? Before proceeding, you should read “General Information for Self-Repré-sented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes. Special notes... If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you aré eligible to have filing fees deferred. If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h). With this form, you must also file the following: • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d). • Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse’s income, you may file this worksheet after his or her financial affidavit has been served on you.) • Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photo•copy of current Florida driver’s license, Florida identification card, or voter’s registration card (issue date of copied document must be at least six months before date case is actually filed .with the clerk of the circuit court). • Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Su- . preme Court Approved Family Law Form ■ 12.902(f)(1), if ■ you ■ and your spouse have reached an agreement on any or all of the issues. • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j). • Family Law Financial Affidavit, Florida Family Law Rules of Proce-, dure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.) • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.) • Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), Safety-Focused Parenting Plan, Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be at-' ■ tached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed. Updating Information. A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known. Parenting Plan. and Time-Sharing. If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part' of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating'to the minor child(ren). The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to' be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A parenting course must be completed prior to entry of the final judgment. You should contact the clerk,- family law intake staff, or judicial assistant about requirements for' parenting courses where you live. Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further. • Shared Parental Responsibility • Sole Parental Responsibility • Supervised Time-Sharing • No contact • Parenting Plan • Parenting Plan Recommendation • Time-Sharing Schedule Child Support. Both parents are required to provide financial support for their minor or dependent child(ren); however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid, These guidelines are básed on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your, financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations. Alimony. Alimony may be awarded - to a spouse if the judge finds that one spouse has an actual need for it and that the other spouse has the ability to pay. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request permanent alimony, bridge-the-gap alimony, durational alimony, and/or rehabilitative alimony. If alimony is awarded, the.judge may order periodic payments, payments in lump sqm, or both. Marital/Nonmarital Assets and Liabilities., Florida law requires an equitable distribution of marital assets and marital liabilities... “Equitable” does not necessarily mean “equal.” Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Non-mafital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities. Temporary Relief. If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility, relocation and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a) and a Motion for Temporary Relocation, Florida Supreme Court Approved Family Law From 12.950(e). For more information, see the instructions for those forms. Marital Settlement Agreement. If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing. Parenting Plan. In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or-established by the court. As you are seeking to, relocate, the Parenting Plan must include a postre-location schedule, for access and time-sharing together with the necessary transportation arrangements. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law. Form 12.995(a), a Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b), or a Relocation/Long-Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have, not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court. Final Judgment Form. These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family’ Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of .the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved. Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If ■so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or'trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] because: [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(d) SUPPLEMENTAL PETITION TO PERMIT RELOCATION WITH MINOR OR DEPENDENT CHILD(REN) (02/18) When should this form be used? This form should be used when you are asking the court to permit the relocation of your principal residence and: 1. You plan to relocate your residence more than 50 miles from your principal residence at the time of entry of the last order which established or modified primary residence, custody, visitation, or timesharing; 2. The court has not entered an order granting permission to relocate. 3. The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren). 4. Your order regarding custody, primary residence, visitation, time-sharing or parenting plan was entered before October 1, 2009, and the order does not expressly govern the relocation of the child(ren); was entered on or after October 1, 2006; or your case was pending on October 1, 2009. This form should be typed or printed in black ink. You must fill in all sections of the form. After completing the form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the children) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of-Judicial Administration 2.516. What should I do next? For your case to proceed, you must properly notify the other parent and every other person entitled to, access, time-sharing, or visitation with the child(ren) in your case of the supplemental petition. “Other Person” means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, the court may only grant limited relief. For more information on constructive service, see Notice of Action For, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and Affidavit of Diligent Search and. Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). The law regarding constructive service and service on an individual in the military service is very complex. If -you have any questions about service, you may wish to consult an attorney regarding these issues. If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways: DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice-of hearing form. • UNCONTESTED. If the respondent files either an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED. If the respondent files either an answer or an answer and counter-petition, which ■ disagrees with or denies anything in your supplemental petition, and you are unable, to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and'filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for' trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d). Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes. Special notes... If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred. If there is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone number, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h). With this form, you must also file the following: • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Af- . fidavit, Florida Supreme Court Approved Family Law Form 12.902(d). • Child Support Guidelines Worksheet, Florida Family Law , Rules of Procedure Form 12.902(e). (If you do not know the. other party’s income, you may file this worksheet after his or her financial affidavit has been served on you.) • Agreement for Relocation, if you have reached an agreement on any or all of the issues attach the proposed Agreement For Relocation with Minor Child(ren). Florida Supreme Court Approved Family Law 12.950(a). Both parties must sign this agreement before' a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing. • Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed. • Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). • Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time ' of the supplemental petition, unless you and the other party have agreed not to exchange these documents.) Updating Information. A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known. Parenting and Time-Sharing. If you and the other parent and every other person entitled to access to or time-sharing with the child(ren) are unable to agree on the parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and a time-sharing schedule based upon the child(ren)’s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor children). Failure to obtain an Order prior to relocation renders the supplemental petition to relocate legally insufficient. The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. If one has not already been completed, the court may require the completion of a parenting course before a final hearing is set. You should contact the clerk,' family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live. Child Support. Both parents are required to provide financial support for their minor or dependent child(ren); however, the court may order one parent to pay child support to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines áre based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit. Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations. Temporary Relief. If you need temporary relief regarding relocation of the minor child(ren), complete paragraph eleven contained in the Supplemental Petition To Permit Relocation of Minor Child(ren). Final Judgment Form. These family law forms contain a Final Judgment/Supplemental Final Judgment Permitting Relocation, Florida Supreme Court Approved Family Law Form 12.950(i), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure fi’om Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, ■ and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(a) PETITION FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (02/18) When should this form be used? This form should be used by an extended family member to obtain temporary custody of a child or children pursuant to Chapter 751, Florida Statutes. This form should not be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children. An Extended Family Member is: A relative of a minor child within the third degree by blood or marriage to the parent; OR The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)’s parents as an adverse party. You may file a Petition for Temporary Custody if: You have the signed, notarized consents of the child(ren)’s legal parents; OR You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the children) is (are) presently living. If one of the minor child(ren)’s parents objects to the Petition, the court shall grant the Petition only upon a finding, by clear and convincing evidence, that the child(ren)’s parent or parents are unfit to provide for the care and control of the children). In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the children), as defined in Chapter 39, Florida Statutes. If you do not have the parents’ consents you should consult a family law attorney before you file your papers. If you do not meet the qualifications above, you should talk to an attorney about other options. You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current. Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. What should I do next? IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)’s parents, and the case is uncontested, you may contact the clerk, family law intake staff, or judicial assistant, to set a final hearing. You must notify the children)’,s parents of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. If one of the parents is deceased, you must file a certified copy of the proof of death. IF YOU DO NOT HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)’s parents, you must properly notify the parents of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives after conducting a diligent search, you may use constructive service. You must complete all of the searches listed in the Affidavit of Diligent Search and Inquiry, Flórida Family Law Rules of Procedure Form 12.913(c), and file the form with the clerk. You should seek legal advice on constructive service as this is a complicated area of the law. If the identity of one parent is unknown, you will need to seek legal ad-vicé to determine the proper way to serve an unknown parent. For'more information, see Chapter 49, Florida Statutes. If personal service is used, the parents have 20 days to answer after being served with your petition. Your case will generally proceed in one of the following ways: DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. You must file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, Then, if you have filed all of the required papers, you may contact the clerk, family law intake staff, or judicial assistant, to set a final hearing. You must notify the ehild(ren)’s parents of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, dr other appropriate notice of hearing form.' CONTESTED. If either parent files an answer which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you must file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924,' to request a final'hearing. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). At any time, either or both of. the child(ren)’s parents may petition the court to modify or terminate the order granting temporary custody. The court shall terminate the order upon a finding that the parent is a fit parent, or by the consent of the parties. The court may modify an order granting temporary custody if the parties consent or if the modification is in the best interest of the child(ren). Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes. Special Notes... If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have 'filing fees deferred. With this petition, you must file the following and provide a copy to the other party: • Uniform Child Custody Jurisdiction and Enforcement Act (UC-CJEA) Affidavit, Florida Supreme Court. Approved Family Law Form 12.902(d). • Notice of Related Cases, Florida Family Law Rules of Procedure Form 12.900(h). • Family Court Cover Sheet, Florida Family Law Rules of Procedure Form 12.928. • Non-Military Affidavit, Florida Supreme Court Approved Family Law Form 12.912(b), (Required only for obtaining a default on petitions that have been personally or-constructively- served. Not required if both parents have signed a waiver and consent) ■ Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form* 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(b) PETITION FOR CONCURRENT CUSTODY BY EXTENDED FAMILY'(02/18) When should this form be used? This form should be used by an extended family member to obtain concurrent custody of a child or children pursuant to Chapter 751, Florida Statutes. This form should not be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children. “Concurrent custody” means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)’s parent or parents. An Extended Family Member is: A relative of a minor child within the third degree by blood or marriage to the parent; OR The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)’s parents as an adverse party. You may file a Petition for Concurrent Custody if: You have the signed, notarized consents of the child(ren)’s legal parents; OR You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the child(ren) is (are) presently living. In addition, you must currently have physical custody of the child(ren) and have had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months; and not have signed, written documentation from a parent which is sufficient to enable you to do all the things necessary to care for the child(ren). If you do not meet the qualifications above, you should talk to an attorney about' other options. You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities. This form should be typed or printed' in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. What should I do next? IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)’s parents, you may contact the clerk, family law intake staff, or judicial assistant, to set a final hearing. You must notify the child(ren)’s parents of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. If one of the parents is deceased, you must file a certified copy of the proof of death. If one of the minor child(ren)’s parents objects to the Petition for Concurrent Custody in writing, the court may not grant the petition even if the other parent consents, in writing, to the entry of the order. If a parent objects, you have the option of converting the Petition to a Petition for Temporary Custody by Extended Family, Florida Supreme Court Approved Family Law Form 12.970(a). If the Petition is not converted into a Petition for Temporary Custody by Extended Family, it shall be dismissed without prejudice. At any time, the Petitioner or either or both of the child(ren)’s parents may move the court to terminate the order granting concurrent custody. The court shall terminate the order upon a finding that either or both of the ehild(ren)’s parents objects to the order. The fact that the order for concurrent custody has been terminated does not preclude any person who is otherwise eligible to petition for temporary custody from filing such petition. Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes. Special Notes... If you do not have the money to pay the filing fee, you may obtain an application for. Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred. ■ With this petition,- you must file the following and provide a copy to the other party: • Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d). • Notice of Related Cases, Florida Family Law Rules of Procedure Form 12.900(h). • Family Court Cover Sheet, Florida Family Law Rules of Procedure Form 12.928. • Non-Military Affidavit, Florida Supreme Court Approved Family Law Form 12.912(b). (Required only, for obtaining a default on petitions that have been personally or constructively served. Not required if both parents have signed a waiver and consent.) Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer-helping you fill out these forms ‘must also put his or her name, address, and telephone number on the bottom, of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM, 12.970(c), WAIVER OF SERVICE OF PROCESS AND CONSENT FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (02/18) This form is to be completed and signed by a parent who agrees to grant temporary custody of a minor child or children) to an extended family member and agrees to waive service of process. Service of process occurs when a summons and a copy of the petition (or other pleading) that has been filed with the court are delivered by a deputy or private process server. An Extended Family Member is: A relative of a minor child within the third degree by blood or marriage to the parent; OR The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)’s parents as an adverse party. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the Petition for Temporary Custody by Extended Family, Florida Supreme Court Approved Family Law Form 12.970(a) is filed and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. Special notes... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form ■he or she helps you complete. [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM, 12.970(d), WAIVER OF SERVICE OF PROCESS AND CONSENT FOR CONCURRENT CUSTODY BY EXTENDED FAMILY (02/18) This form is to be completed and signed by a parent who agrees to grant concurrent custody of a minor child or children) to an extended family member and who agrees to waive service of process. Service of process occurs when a summons and a copy of the petition (or other pleading) that has been filed with the court are delivered by a deputy or private process server. “Concurrent custody” means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)’s parent or parents. An Extended Family Member is: A relative of a minor child within the third degree by blood or marriage to the parent; OR The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)’s parents as an adverse party. This form should be typed or printed in-black ink. After completing this form, you should sign the form before a notary pub-lie or deputy clerk. You should file the original with the clerk of the circuit court in the county where the Petition for Concurrent Custody by Extended Family, Florida Supreme Court Approved Family Law Form 12.970(b) is filed and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. Special notes... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] and [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(c)(2), STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE’S SPOUSE (02/18) When should this form be used? This form must be completed by the spouse of an adult who is being adopted. This form should be typed or printed in black ink. After completing this form, the spouse of the adoptee should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition for adoption of an adult was filed and keep a copy for your records. IMPORTANT INFORMATION REGARDING E-FILING ■ The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleading or other document electronically, you must do so in accordance with -Florida Rule of Judicial Administration 2.525, and you . must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. Special notes... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family 'Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(a) PETITION FOR CHANGE OF NAME (ADULT) (02/18) When should this form be used? This form should be used when an adult wants the court to change his or her name. This form is not to be used in connection with a dissolution of marriage or for adoption of children). If you want a change of name because of a dissolution of marriage or adoption of children) that is not yet final, the change of name should be requested as part of that case. This form should be typed or printed in black ink and must be signed before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. What should I do next? Unless you are seeking to restore a former name, you must have fingerprints submitted for a state and national criminal records check. The fingerprints must be taken in a manner approved by the Department of Law Enforcement and must be submitted to the Department for a state and national criminal records check. You may not request a hearing on the petition until the clerk of court has received the results of your criminal history records check. The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit fingerprints electronically to the Department of Law Enforcement. The process may take several weeks and you will have to pay for the cost of processing the fingerprints and conducting the state and national criminal history records check. Please note that the state and national criminal records check must indicate whether you have registered as a sexual predator or a sexual offender and you must also indicate on this petition whether you have ever been required to register as a sexual predator under section 775.21, Florida Statutes, or as a sexual offender under section 943.0435, F.S. Next, you must obtain a hearing date for the court to consider your request. If you are seeking to restore a former name, a hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the final hearing. Included in these forms is a Final Judgment of Change of Name (Adult), Florida Supreme Court Approved Family Law Form 12.982(b), which the judge may use. You should contact the clerk, family law intake staff, or judicial assistant, to see if you need to bring a final judgment form with you. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial. If the judge grants your petition, he or she will sign this order. This officially changes your name. The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you the amount of the charges. Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see Section 68.07, Florida Statutes. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration ow require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... The heading of the form calls for the name of the petitioner. Your current name should go there, as you are the one who is asking the court for something. The judicial circuit, case number, and division may be obtained from the clerk of court’s office when you file the petition. It may be helpful to compile a list of all of the people and/or places that will need a copy of your final judgment. This list may include the driver’s license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.-A nonlawyer helping you fill out these,forms also must put his or her name, address, and telephone number on the bottom of the last page of,every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(c) PETITION FOR CHANGE OF NAME (MINOR CHILD(REN)) (02/18) When should this form be used? This form should be used when parents want the court to change the name of their minor child(ren). For the purposes of this proceeding, a person under the age of 18 is a minor. This form is hot to be used in connection with an adoption, dissolution of marriage, or paternity action. If you want a change of name for your' children) because of an adoption or paternity action that is not yet final, the change of name should be requested as part of that case. This form should be typed or printed in black ink and must be signed before a notary public or deputy clerk. You should file the original with the clerk of the circuit court, in the county where you live and keep a copy for your records. The Petition should only be completed by one Petitioner for one child. If you wish to change the name of more than one child or if there is more than one Petitioner, you should complete and file a Supplemental Form for Petition for Change of Name (Minor Child) for each child and/or a Supplemental Form for Petition for Change of Name. The supplemental form(s) is an attachment to the petition. Be sure that the bottom of each page of each supplemental form is initialed by the petitioner(s). What should I do next? Unless you are seeking to restore a former name, each adult petitioner(s)’s fingerprints must be submitted for a state and national criminal history records check. The fingerprints must be taken in a manner approved by the Department of Law Enforcement. The fingerprints must be submitted to the Department of Law Enforcement for a state and national criminal history records check. The Petitioner(s) may not request a hearing on the Petition until the copy of the fingerprints are filed and the clerk of court has received the results of the criminal history records check. The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit fingerprints electronically to the Department of Law Enforcement. The process may take several weeks and the parent or guardian of the minor must pay the cost of processing the fingerprints and conducting the state and national history records check. Please note that the state and national criminal records check must indicate whether you have registered as either a sexual predator or a sexual offender and you must also indicate on this petition whether you have ever been required to register as a sexual predator under section 775.21, Florida Statutes, or as a sexual offender under section 943.0435, Florida Statutes. If both parents agree to the change of name and live in the county where the change of name is sought, you may both file as petitioners. In this situation, service is not necessary, and you need only to set a hearing. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. If only one parent is a resident of the county where the change of name(s) is sought or only one parent asks for the child(ren)’s name(s) to be changed, the other parent must be notified and his or her consent obtained, if possible. If the other parent consents to the change of name, a Consent for Change of Name (Minor Child(ren)), Florida Supreme Court Approved Family Law Form 12.982(d), should be filed. If the other parent does not consent to the change of name, you may still have a hearing on the petition if you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use personal service. If you absolutely do not know where he or she lives, you may use constructive service. For more information about personal and constructive service, you should refer [to] the “General Instructions for Self-Represented Litigants” found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue. Next, you must obtain a final hearing date for the court to consider your request. If you are seeking to restore a former name, a hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a Final Judgment of Change of Name (Minor Child(ren)), Florida Supreme Court Approved Family Law Form 12.982(e), which may be used when a judge grants a change of name for a minor children). If you attend the hearing, you should take the final judgment with you. You should complete the top part of the form, including the circuit, county, case number, division, and the name(s) of the petitioner(s) and leave the rest blank for the judge to complete. It should be typed or printed in black ink. If the judge grants your petition, he or she will sign this order. This officially changes your child(ren)’s name(s). The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you the amount of the charges. Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see section 68.07, Florida Statutes. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed, IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the-initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... The heading of the. form calls for" the name(s) of the petitioner(s). This means the parent(s) who is (are) requesting the change of their child(ren)’s name(s). The judicial circuit, case number, and division may.be obtained from the . clerk of court’s office when you file the petition. It may be helpful to compile a list of all of the people and places that will need a copy of the final-judgment. This list may include the driver’s license office, social security office, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or shq helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(d), CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN)) (02/18) When should this form be used? This form should be used when one parent consents to the other parent’s petition to change the name of their minor child(ren). A parent who is not a petitioner in the case but is consenting to the change of name should complete this form and sign it in front of a notary public or deputy clerk. This form should be typed or printed in black ink. After this form is signed and notarized, you should file it with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This form should be attached to the Petition for Change of Name (Minor Child(ren)), Florida Supreme Court Approved Family Law Form 12.982(c), if obtained prior to the filing of the petition. Otherwise, it may be filed separately after it has been completed. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information see section 68.07, Florida Statutes, and the instructions for Petition for Change of Name (Minor Child(ren)-), Florida Supreme Court Approved Family Law Form 12.982(c), or Petition for Change of Name (Family), Florida Supreme Court Approved Family Law Form 12.982(f). Special notes... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COÜRT APPROVED FAMILY LAW FORM 12.982(f) PETITION FOR CHANGE OF ÑAME (FAMILY) (02/18) When should this form be used? This form should be used when the parents are married and the family wants the court to change its name. This form is not to be used in connection with a dissolution of marriage, paternity, or adoption action. If you want a change of name because of a dissolution of marriage, paternity, or adoption action that is not yet final,, the change of name should be requested as part of that case. This form should be typed or printed in black ink and must be signed before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. The petition should only be completed for one adult. If you wish to change the name(s) of another adult and/or any child(ren), you should complete and file with the clerk of court the attached Adult and Child Supplemental Form(s) for Petition for Change of Name (Family) for each additional family member. Be sure that the bottom of each page of each supplemental form is initialed. What should I do next? Unless you are seeking to restore a former name, each adult petitioner must have fingerprints submitted for a state and national criminal history records check. The fingerprints must be taken in a manner approved by the Department of Law Enforcement and must be submitted to the Department for a state and national criminal history records check. You may not request a hearing on the petition until the clerk of court has received the results of your criminal history records check. The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit finger prints electronically to the Department of Law Enforcement. The process may take several weeks and you will have to pay for the cost of processing the fingerprints and conducting the state and national criminal history records check. Please note that the state and national criminal records check must indicate whether you have registered as either a sexual predator or a sexual offender and you must also indicate on this petition whether you have ever been required to register as a sexual predator under section 775.21, Florida Statutes, or as a sexual offender under section 943.0435, Florida Statutes. If any of the children for whom you are requesting this change of name are not the legal children of both adults filing this petition, you must obtain the consent of the legal parent(s). A parent not named as a petitioner in this action may consent by submitting a Consent for Change of Name (Minor Child(ren)), Florida Supreme Court Approved Family Law Form 12.982(d). If the other parent does not consent to the change of name, you may still have a hearing on the petition if you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use personal service. If you absolutely do not know where he or she lives, you may use constructive service. For more information about personal and constructive service, you should refer to the “General Instructions for Self-Represented Litigants” found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). The law on constructive service is very complex and you may wish to consult an attorney regarding constructive service. Next, you must obtain a final hearing date for the court to consider your request. If you are seeking to restore a former name, the final hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a Final Judgment of Change of Name (Family), Florida Supreme Court Approved Family Law’ Form 12.982(g), which may be used when a judge grants a change of name for a family. If you attend the hearing, you should take the final judgment form with you. You should complete the top part of this form, including the circuit, county, case number, division, the name(s) of the petitioner(s) and leave the rest blank for the judge to complete. It should be typed or printed in black ink. If the judge grants your petition, he or she will sign this order. This officially changes your family’s name. The clerk can provide you with certified copies of the signed order. There will be charges for the certified copies, and the clerk can tell you the amount of the charges. Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see section 68.07, Florida Statutes. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. Appendix—Continued IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Special notes... The heading of-the form calls for the name(s) of the petitioner(s). This is (are) the parent(s) who is/are requesting the change of their family’s name(s). The judicial circuit, case number, and division may be obtained from the clerk of court’s office when you file the petition. It may be helpful to compile a list of all of the people and places that will need a copy of the Anal judgment. This, list may include the driver’s license office, social security office,, banks, schools, etc. A list will help you know how many copies of your order you should get from the clerk of court after your hearing. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a), PARENTING PLAN (02/18) When should this form be used? A Parenting Plan is required in all cases involving time-sharing with minor child(ren), even when timesharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations. This form or a similar form should be used in the development of a Parenting Plan. If the case involves supervised time-sharing, the Supervised/Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then a Relocation/Long Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used. The parents must identify a name or designation to be used throughout this Parenting Plan. This form should be typed or printed in black ink. Please either delete or strike-through terms or paragraphs that are inappropriate or inapplicable to your agreement. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this'form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance 1vith Florida rule of Judicial Administration 2.525, and you must follow the procedures of the-judicial circuit in which you'file. The rules and procedures should be carefully read and followed. ‘ IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server,- the Florida Rules of Judicial Administration now require that all documents required or permitted to -be served on the other party must be served by electronic mail' (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through, the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail,- the procedures must always be followed once-the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case. Special notes... At a minimum, the Parenting Plan must describe in adequate detail: • How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren), • The time-sharing schedule arrangements that specify the time that the minor child(ren) will spend with each parent, • A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and • The methods and technologies that the parents will use to communicate with the child(ren). The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to: • The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required; • The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties; • The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent; • The length of time the children) has lived in a stable, satisfactory environment and the desirability of maintaining continuity; • The geographic viability of the parenting plan, with special attention paid to the needs of school age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a children); • The moral fitness of the parents; • The mental and physical health of the parents; • The home, school, and community record of the child(ren); • The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference; • The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor children), including, but not limited to, the child(ren)’s friends, teachers, medical care providers, daily activities, and favorite things; • The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime; • The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren); • Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the .court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren); • Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect; • The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties; • The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)’s school and extracurricular activities; • The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse; • The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the children); and • The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)’s developmental needs. This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child. In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill. out these-forms also must put his or her name, address, and télephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SUPÉRVISED/SAFETY-FO-CUSED PARENTING PLAN (02/18) When should this form be used? A Parenting Plan is required in all cases involving minor children). This form or a similar, form should be used in cases when you feel your children) cannot be safely alone with the other parent or if you believe shared parental responsibility presents a detriment to th¿ children). In this case, a Parenting Plan must be developed ' that allows time-sharing with any minor children), while providing protection for the child(ren). If safety or supervised time-sharing is not a concern, Parenting Plan, Florida Supreme Court Approved Family-Law Form 12.995(a) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then Relocation/Long Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used. The parents must identify a name or designation to be used throughout this Parenting Plan. This form should be typed or printed in black ink. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes,, and the instructions for the petition and/or answer that were filed in this case. Special notes... If you fear that disclosing your address would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Form 12.980(h), file it with the clerk of the circuit court and write confidential in the space provided in the Parenting Plan. At a minimum, the Parenting Plan must describe in adequate detail: • How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren), • The time-sharing schedule arrangements that specify the time that the minor child(ren) .will spend with each parent, • A designation of who will be responsible for. any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and • The methods and technologies that the parents will use to communicate with the children). The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the children) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.18(3), Florida Statutes, including, but not limited to: • The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required; • The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties; • The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the children) as opposed to the needs or desires.of the parent; • , The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity; • The geographic viability of the parenting plan, with .special attention paid to the needs of school age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a children); • The moral fitness of the parents; • The mental and physical health -of the parents; • The home, school, and community record of the child(ren); • The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference; '• The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)’s friends, teachers, medical care providers, daily activities, and favorite things; • The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime; • The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(reh), and the willingness of each parent to adopt a unified ’' front on all major issues when dealing with the ehild(ren); • Evidence of domestic violence, sexual violence, child abuse, child abandonment, oí child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, ■ the court must specifically acknowledge, in writing that such evidence was considered when evaluating the bests interests of the child(ren); " • Evidence that either 'parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect; • The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties; • The demonstrated capacity and disposition of each parent to participate and be involved in' the child(ren)’s school and extracurricular activities; .• The demonstrated capacity and disposition of each parent to maintain an environment for the ehild(ren) which is free from substance abuse; • The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the children), not sharing documents or electronic média related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child)ren); and • The developmental stages and needs ■ of the children) and the'demonstrated capacity and disposition -of each parent to meet the child(ren)’s developmental needs. This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the' time-sharing schedule. Additional provisions should be added to address all of the relevant factors, The parties should give special consideration to the age and needs of each child. In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM Í2,995(c) RELOCATION/LONG DISTANCE PARENTING PLAN (02/18) When should this form be used? A Parenting Plan is required in all cases involving time-sharing with minor child(ren), even when timesharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and every other person entitled to access or time-sharing with the' children) and approved by the' court. “Other Person” means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with or visitation with the child(ren). If the parties cannot agree to a Parenting Plan or if the parents agreed to a Plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of Parenting Plan Recommendations. The parents or Other Person must identify a name or designation to be used throughout this Parenting Plan. This form or a similar form should be used in the development of a Parenting Plan when you are planning to relocate your or the child(ren)’s principal residence more than 50 miles from the principal place of residence: • at the time of the last order either establishing or modifying time-sharing, or • at the time of filing the pending action to either establish or modify time-sharing This form should be typed or printed in black ink. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan. IMPORTANT INFORMATION REGARDING E-FILING The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed. IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E~ Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the. A-Z Topical Index. SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY EMAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please CAREFULLY read the rules and instructions for: Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516. Where can I look for more information? Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case Special notes... At a minimum, the Relocation/Long Distance Parenting Plan must describe in adequate detail: • How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren), • The time-sharing schedule that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing, • A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, • The methods and technologies that the parties will use to communicate with the child(ren), and • Any transportation arrangements related to access or time-sharing. The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties’ historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor children) and the circumstances of the family as listed in section 61.13(3), Florida Statutes, including, but not limited to: • The demonstrated capacity and disposition of each party to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required; • The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated . to third parties; • The demonstrated capacity and disposition of each party to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent; • The length of time the children) has lived in a stable, satisfactory environment and the desirability of maintaining continuity; • The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the par- ■■ enting plan. This factor does not create a. presumption for or against re- ■ location of either party -with a child(ren); • The moral fitness of the parties; • The mental and physical health- of the parties; • The home, school, and community . record of the children); • The reasonable preference of the child(ren), if the court deems the child(ren) to be of- sufficient intelligence, understanding, and experience to express a preference; ■ ■ • The demonstrated knowledge, capacity, and'disposition of each party to be informed of the circumstances' of the minor child(ren), including, but not limited to, the child(ren)’s friends, teachers, medical care providers, daily-activities, and favorite things; • The demonstrated capacity and disposition of each party to provide a consistent routine for the' child(ren), such as discipline, and daily sched- ' ules for homework, meals, and bedtime; • The demonstrated capacity of each party to communicate with and keep the other part(y)ies informed of issues' and activities regarding the minor children), and the willingness of each party to adopt a unified front on all major issues when dealing with the child(ren); • Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those, issues has been - brought. If the court accepts evidence of prior or pending actions regarding domestic. violence, sexual violence, child abuse, child abandon.ment, or child neglect, the .court must specifically acknowledge in writing that such evidence was con- . sidered when evaluating the best in-, terests of the child(ren); • Evidence that any party has knowingly provided false, information to ‘ the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect; The particular parenting tasks customarily performed by each party and the division of parental responsibilities before the institution of litigation and during the pending litigation, including the extent to .which . parenting responsibilities were undertaken by third parties; ■ » The demonstrated capacity and disposition of each party to participate and- be involved in the child(ren)’s school and extracurricular activities; •' The demonstrated capacity and disposition of each party to maintain an environment for the child(ren) which is free from substance abuse; • The capacity and disposition of each party to protect the children) from , the ongoing litigation as demonstrated by not discussing the litigation with -the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from, disparaging comments about any other party to the children); and • The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each party to meet the child(ren)’s developmental needs. This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child. In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete. [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] [[Image here]] . See art. V, § 2(a), Fla. Const, . All comments must be filed with the Court on or before April 2, 2018, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin, Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. ÁOSC04-84 (Sept. 13, 2004). Electronically filed docu- • ments must be submitted in Microsoft Word 97 or higher. Any person unable to -submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.